IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOSEPH G. SESSIONS,

       Petitioner,

v.

MARK NOOTH,

       Respondent.

Case No. 3:10-cv-00120-BR

OPINION AND ORDER

    ANTHONY D. BORNSTEIN
    Assistant Federal Public Defender
    101 S.W. Main St.
    Suite 1700
    Portland, OR  97204

        Attorney for Petitioner

    JOHN R. KROGER
    Attorney General
    KRISTEN E. BOYD
    Assistant Attorney General
    Department of Justice
    1162 Court Street N.E.
    Salem, OR  97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus.

## BACKGROUND

Petitioner is in the custody of the Oregon Department of Corrections pursuant to Lane County convictions on three counts of Rape in the First Degree, two counts of Sodomy in the First Degree, and one count each of Sodomy in the Second Degree, Rape in the Second Degree, Rape in the Third Degree, and Criminal Mistreatment. Petitioner does not contest the legality of his convictions and sentence here. Instead, Petitioner challenges an Oregon Board of Parole and Post-Prison Supervision ("Board") decision to defer his parole release date.

On January 3, 2007, the Board conducted a hearing regarding Petitioner's appropriateness for parole. Petitioner appeared by video conference. At the conclusion of the hearing, the Board decided to defer Petitioner's parole release date for 24 months. The Board explained the basis for the decision orally at the conclusion of the hearing and then in writing in Board Action Form #14, which was mailed to Petitioner on January 11, 2007, as follows:

2 - OPINION AND ORDER -

> The Board has received a Psychological Evaluation on inmate dated 10/20/2006.
>
> Based on the doctor's report and diagnosis, coupled with all the information that the Board is considering, the Board concluded that the inmate suffers from a present severe emotional disturbance that constitutes a danger to the health or safety of the community.

Resp. Exh. 102, Att. 1, p. 2.

Petitioner sought administrative review of the Board's decision. In his Administrative Review Request Petitioner presented the following relevant claims:[1]

> (2) The board considered evidence that they termed [sic] a "confidential document" during the course of the hearing. This alleged "confidential document" was not exempted from disclosure pursuant [to] the law in effect at the time my crime was committed.
>
> (3) The board's denial of my parole based solely upon my alleged mental or emotional disturbance constitutes a violation of ORS 659A.006(1); ORS 659A.142(4)(a); and the Americans with Disabilities Act of 1990, § 202, 42 U.S.C.A. § 12132.
>
> (3)[4] The board exceeded its discretion by deferring my parole release date based solely upon the conclusion that I "suffer from a present severe emotional disturbance that constitutes a danger to the health or safety of the community."

Resp. Exh. 103, pp. 218, 220-21, 223-24.

In an Administrative Review Response dated August 27, 2007, the Board addressed these claims as follows:

\* \* \*

---

[1] In all, Petitioner presented six claims in his Administrative Review Request, but only the three pertinent to this action are referenced here.

3 - OPINION AND ORDER -

Second, you allege that the board considered confidential information at your hearing, without making a finding on the record that the document was exempt from disclosure under ORS 192.500(2)(d) and without providing you with a written statement of the reasons for denying disclosure as required by OAR 255-30-045. As you note, the board's authority to withhold the confidential document submitted to it derives from ORS 192.502(4). The board determined that the document qualified for exemption under that law and more specifically, under OAR 255-015-0010(1)(c), which states that: "The Board shall disclose its records to any person or agency unless: * * * The information was submitted to a public body in confidence, the information should reasonably be considered confidential, the public body has obliged itself in good faith not to disclose the information, and the public interest will suffer by disclosure of the information." OAR 255-015-0010(1)(c). The rule you rely on as requiring the board to provide a written statement of exemption - OAR 255-30-045 (2/1/1979) - was a procedural rule that was repealed May 19, 1988, and thus does not provide a basis for relief. Moreover, the board considered the contents of the document but did not rely on it in making a decision in your case.

Third, you allege that the board is discriminating against you based on your disability, and therefore is violating ORS 659A.142(1) and ORS 659.142(4)(a), and the Americans with Disabilities Act (ADA). Your arguments that you fit the criteria established under Oregon laws and the ADA do not persuade the board that it erred in deferring your projected parole release date. The board's finding that you suffer from a present severe emotional disturbance such as to constitute a danger to the health or safety of the community does not include a finding that you have a physical or mental impairment that substantially limits or impairs one or more of your major life activities. The board's determination that continued confinement is appropriate because you have a condition that makes you a danger to the community simply reaffirms, in many respects, the original determination implicit in the judgments of conviction that lengthy confinement was necessary both for your reformation and the community's safety.

* * *

4 - OPINION AND ORDER -

>   Fifth, you appear to be alleging that the board has deferred your release date solely because of your severe emotional disturbance, an action that is prohibited by OAR 255-60-010(3). In fact, as indicated in BAF #14 and stated in your hearing, the board deferred your release date based on consideration of all the information available: the contents of your hearing packet, which included details of your crimes of commitment - wherein you sexually abused four young teenaged girls, including your two stepdaughters; facts arising from the hearing itself, in which you informed the board that you did not commit any of the crimes of which you were convicted, and in fact are yourself the victim of attempts on the part of your stepdaughters and their friends to "get rid of their stepfathers"; and the psychological evaluation and diagnosis. As you point out, Dr. McGuffin assigned a diagnosis of "pedophilia, sexually attracted to females, nonexclusive" under Axis I, and of "mixed personality disorder with antisocial and narcissistic personality features" under Axis II. He stated that your "insight, attitude and judgment are seen as poor and it is unlikely that [you] could be successfully supervised if returned to the community." The board also considered all the information you presented at the hearing. As the board informed you at the conclusion of your hearing, after listening to everything you had to say and considering all the information before it, the board did not feel that it would be safe to release you into the community. This decision falls squarely within the discretion of the board as authorized by OAR 255-60-005(4) (5/19/1982), which allows the board to order the postponement of the scheduled parole release date "if the record indicates that a psychiatric or psychological condition of severe emotional disturbance such as to constitute a danger to the health and/or safety of the community" is present.

Resp. Ex. 103, pp. 237-38.

Petitioner sought leave to proceed on judicial review in the Oregon Court of Appeals. The Oregon Court of Appeals issued an order granting Petitioner's motion for leave to proceed on judicial review. The Court of Appeals ultimately affirmed the

5 - OPINION AND ORDER -

Board's decision without opinion, and the Oregon Supreme Court denied review. *Sessions v. Board of Parole and Post-Prison Supervision*, 230 Or. App. 430, 215 P.3d 127, *rev. denied*, 347 Or. 348, 222 P.3d 29 (2009).

On February 3, 2010, Petitioner filed his habeas corpus action in this Court. His Petition for Writ of Habeas Corpus alleges three grounds for relief:

> **Ground One:** The board violated state Anti-Discrimination laws when it deferred Petitioner's release. ORS 659.A142 prohibits state government to exclude an individual from participation in or deny an individual the benefits of the services, programs or activities of state government or to make any distinction, discrimination or restriction because the individual is a person with a disability. This violation is cognizable under the 5th, 8th, and 14th Amendments to the Constitution of the United States.
>
> **Ground Two:** The board's deferral of petitioner's release violated the federal ADA. "Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of the disability. This violation is cognizable under the 5th, 8th, and 14th Amendments to the Constitution of the United States of America.
>
> **Ground Three:** The boar[d] deprive[d] Petitioner of his rights pursuant to the 14th Amendment to the Constitution of the United States of America when it review[ed] a 13-page document prior to deferring his parole release date and refused to disclose the document to petitioner.

The Court appointed counsel to represent Petitioner. In the Brief in Support of Petition for Writ of Habeas Corpus filed by counsel, only the third ground for relief is addressed. Respondent contends Petitioner is not entitled to habeas corpus

6 - OPINION AND ORDER -

relief because he did not brief the claims alleged in grounds one and two, because the claim alleged in Ground One is procedurally defaulted, and because the claims alleged in Grounds Two and Three were denied by state decisions that are not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.

## DISCUSSION

### I.    Grounds One and Two

As noted, Petitioner does not address Respondent's argument that the claim alleged in Ground One is procedurally defaulted and that Petitioner is not entitled to relief on the merits on the claim alleged in Ground Two. Because Respondent's allegations are correct, Petitioner is not entitled to habeas corpus relief on the claims alleged in Grounds One and Two. See 28 U.S.C. § 2248 ("[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.")

### II.    Ground Three

Under 28 U.S.C. § 2254(d)(1), habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

7 - OPINION AND ORDER -

established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003).

An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) (citing *Williams v. Taylor*, 529 U.S. 362, 413 (2000)), *cert. denied*, 546 U.S. 963 (2005). "'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974.

A federal habeas court cannot overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at

8 - OPINION AND ORDER -

409. Instead, habeas relief may be granted only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

In *Swarthout v. Cooke*, 131 S. Ct. 859 (2011), the Supreme Court recently explained the correct legal test for determining whether a prisoner's due process rights have been violated by a state court decision approving of a parole board determination. In *Swarthout*, the Court "instructed that the due process inquiry must be analyzed in two steps." *Roberts v. Hartley*, 640 F.3d 1042, 1045 (9th Cir. 2011) (citing *Swarthout*, 131 S. Ct. at 861).

The first step requires a federal court to "ask whether there exists a liberty or property interest of which a person has been deprived . . . ." *Swarthout*, 131 S. Ct. at 861. The second step requires a federal court to "ask whether the procedures followed by the State were constitutionally sufficient." *Id.* In the parole context, "the procedures required are minimal." *Id.* at 862. "Due process is satisfied as long as the state provides an inmate seeking parole with 'an opportunity to be heard . . . and statement of the reasons why parole was denied.'" *Roberts*, 640 F.3d at 1046 (quoting *Swarthout*, 131 S. Ct. at 862). There is no substantive due process right. *Id.*

9 - OPINION AND ORDER -

Here, the Board provided Petitioner the opportunity to be heard at the January 3, 2007, hearing and then provided Petitioner with a written statement of the reasons why his parole release date was deferred. As such, Petitioner received all process due under *Swarthout*.[2]

Petitioner's argument that the Board's consideration of confidential information effectively denied Petitioner the ability to "meaningfully participate" at the hearing is unavailing. First, it is not incumbent upon a parole board to disclose particularly what piece of evidence they are relying upon in reaching their decision. *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 15 (1979). Second, the Board here explicitly told Petitioner that it "considered the contents of the document but did not rely on it in making a decision in your case." Resp. Exh. 103, pp. 237-38.

Accordingly, the state court decision denying Petitioner relief on his claim the Board lacked sufficient evidence to defer his parole release date was not contrary to or an unreasonable

---

[2] Having concluded Petitioner was afforded the protection due under *Swarthout*, this Court need not decide whether Oregon law created a protected liberty interest in early release. *See Pedro v. Oregon Parole Bd.*, 825 F.2d 1396, 1398 (9th Cir. 1987) (conclusion that inmate received process due under prior Supreme Court decision on parole release relieved court of necessity of addressing existence of liberty interest).

10 - OPINION AND ORDER -

application of clearly established federal law, and Petitioner is not entitled to habeas corpus relief.

### **CONCLUSION**

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus [#1] and DISMISSES this action.

The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 15th day of July, 2011.

_____
ANNA J. BROWN
United States District Judge